IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 OCT 22 AM 11: 19
CLERK
SO. DIST. OF GA.

DEXTER FITZPATRICK; WILLIE
MOSLEY; KELVIN TANKERSLEY;
KENNARD SMITH; EDDIE MANN,
JR.; and ALPHEAUS PUTMON,

    Plaintiffs,

v.

GEORGIA DEPARTMENT OF
CORRECTIONS; GEORGIA STATE
PRISON; GEORGIA HEALTH
SCIENCES UNIVERSITY, GEORGIA
CORRECTOINAL HEALTHCARE;
DONALD JARRIEL; BRUCE CHATMAN;
DR. TOMMY LEE JONES; DR. DEAN
BROOME; JOHN PAUL; JOHN DOES,
1-3; Commissioner BRIAN OWENS;
and SAM OLENS,

    Defendants.

CIVIL ACTION NO.: CV612-022

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections were filed. In their Objections, Defendants assert that they argued in their Brief that all of Plaintiffs' claims are barred by the applicable statute of limitations period. While Defendants made this assertion in their Brief supporting their Motion to Dismiss, the undersigned concludes that the remaining Plaintiffs' claims are not barred by the applicable statute of limitations period.

AO 72A
(Rev. 8/82)

Constitutional claims brought pursuant to section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Georgia law does not allow tolling of the statute of limitations based on a litigant's incarceration status. O.C.G.A. § 9-3-90(b). Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." "The plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (alteration in original) (citation omitted). "This means that until such administrative remedies as are available are exhausted, a prisoner is precluded from filing suit in federal court." Id.

Thus, the applicable statute of limitations period did not begin to run until the remaining Plaintiffs began and/or concluded the exhaustion process. By Defendants'

2

own account, Plaintiff Kennard Smith filed Informal Grievance Number 48026 on April 19, 2010, and the grievance "was properly exhausted[.]" (Doc. No. 45-1, p. 10). Likewise, Plaintiff Eddie Mann filed Informal Grievance Number 48027 on April 20, 2011, and this grievance "was properly exhausted[.]" (Id. at p. 11). If the undersigned were to agree with Defendants' assertion that Plaintiffs' cause of action accrued beginning in December 2009, then any discussion on exhaustion would be moot. By Georgia Department of Corrections' policy, an informal grievance must be filed within ten (10) calendar days from "the date the offender knew, or should have known, of the facts giving rise to the grievance." Blackerby v. McNeil, No. 307-071, 2008 WL 5209975, at *4 (S.D. Ga. Oct. 7, 2008). Defendants admit that at least two (2) Plaintiffs partially—yet properly—exhausted their administrative remedies, and these Plaintiffs did not begin the grievance process until more than ten (10) days beyond December 2009. The statute of limitations period for Plaintiff Smith could not begin to run any earlier than April 19, 2010. The statute of limitations period for Plaintiff Mann could not begin to run any earlier than April 20, 2011. Their claims were filed timely.

Defendants' remaining Objections are without merit. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Defendants' Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Plaintiffs Fitzpatrick's and Tankersley's claims are **DISMISSED**, without prejudice, based on their failure to exhaust their administrative remedies. Plaintiffs Smith's and Mann's deliberate indifference to serious medical needs claims are **DISMISSED**, without prejudice, based on the failure to exhaust their administrative remedies. All claims against Defendants Georgia Department of Corrections, Georgia Health

Sciences University, Georgia State Prison, Georgia Correctional Healthcare, and John Does 1-3 are **DISMISSED**. Plaintiffs' claims against the individual Defendants in their official capacities and Plaintiffs' state law claims are **DISMISSED**. Plaintiffs' request for injunctive relief is **DISMISSED**. All claims of Plaintiffs Putmon and Mosley remain pending. The conditions of confinement claims of Plaintiffs Smith and Mann also remain pending.

**SO ORDERED**, this 22 day of Oct., 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA